# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| LEIF CHRISTOPHER HASLAG,<br>    Movant-Appellant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Respondent-Appellee. | Case No. 23-2803<br><br>On Appeal from the<br>United States District Court<br>Western District of Missouri<br>Case No. 2:23-CV-04014-SRB |

## **APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Appellant Leif Haslag requests the Court under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b)(2) to issue a certificate of appealability and permit him to appeal these three issues arising from the District Court's denial of his timely 28 U.S.C. § 2255 motion without an evidentiary hearing:

- Whether the district court correctly applied the ordinary ineffective-assistance standard from *Strickland v. Washington*, 446 U.S. 668 (1984), to Mr. Haslag's conflict-of-interest claim, rather than the standard from *Cuyler v. Sullivan*, 446 U.S. 334, 349-50 (1980), applicable to conflict claims;

- Whether the district court correctly held Mr. Haslag's allegations that his counsel failed to timely bring his proposed proffer to the Government were mere insufficient conclusions; and

- Whether, as the Fourth, Sixth, and Seventh Circuits have held, and is an issue of first impression in this Court, when counsel's

1

deficient performance prevents a defendant from seeking a favorable plea offer with the Government, prejudice can be shown without first proving the Government actually made a plea offer.

## Factual Background

### A. Underlying case

The Government indicted Mr. Haslag on one count each of possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm (*see United States v. Haslag*, Case No. 2:19-cr-04077-SRB (the "Underlying Case"), Doc. 12). After reaching an agreement with the Government, Mr. Haslag pleaded guilty to Counts 1 and 3, and the Government dismissed Count 2 (Doc. 74 at 1-2). The District Court sentenced Mr. Haslag to 180 months in prison on each count, with the sentences to run concurrently (Doc. 93 at 2).

### B. *Pro se* motion under 28 U.S.C. § 2255

Mr. Haslag timely filed a *pro se* motion under 28 U.S.C. § 2255 to set aside his guilty pleas and sentences (*See Haslag v. United States*, Case No. 2:23-cv-04014-SRB (the "2255 Case"), Doc. 1). The motion alleged claims that Gregory Smith, Mr. Haslag's attorney in the Underlying Case between June 2020 and March 2021, rendered Mr. Haslag ineffective assistance.

In his *pro se* motion, Mr. Haslag alleged Mr. Smith improperly communicated about the case with his parents despite his express

instructions not to (*Id.* at 12-13). He alleged Mr. Smith then started taking direction about his case from his parents and that they began paying Mr. Smith's fees (*Id.* at 13). He explained this prejudiced him because his relationship with his parents was "very tumultuous," "they did not want [Mr. Haslag] to [p]roffer against others in the community in which they lived," and they had an interest in Mr. Haslag's continued incarceration to obtain guardianship over his daughter (*Id.* at 12-13).

Mr. Haslag also alleged in his *pro se* motion that Mr. Smith was ineffective for timely seeking a proffer session with the Government so he could share information in exchange for a favorable plea deal (*Id.* at 14-15). He explained he told Mr. Smith he had information in which both federal and state prosecuting officials were interested, he specifically asked Mr. Smith to schedule a proffer session, and Mr. Smith failed to do so (*Id.* at 13-15). He explained he was prejudiced by this delay because his information about other criminal defendants became stale and unusable after Mr. Smith failed to act (*Id.* at 15).

### C. Government's response

The Government opposed Mr. Haslag's motion (2255 Case, Doc. 6). It argued the motion contained insufficient allegations to warrant an evidentiary hearing and all claims should be denied (*Id.* at 3-7). It asserted Mr. Haslag "has a number of specific complaints but does not identify how any of those frustrations impacted the outcome of his case other than to state in a conclusory manner that they did" (*Id.* at 5).

3

As to the claim that Mr. Smith failed timely to seek a proffer session, the Government argued Mr. Haslag's *pro se* motion was insufficient because it did not "present any evidence that" Mr. Haslag "had specific information that became stale, or that any delay in attempting a proffer was attributable to his attorney and not to other factors outside the attorney's control, such as the government's lack of interest in his information" (*Id.* at 6).

### D. Mr. Haslag's reply through counsel

Undersigned counsel then entered their appearance for Mr. Haslag and filed a reply (2255 Case, Doc. 17).

The reply clarified Mr. Haslag's ineffective-assistance claim concerning Mr. Smith's interactions with Mr. Haslag's parents was a conflict-of-interest claim (*Id.* at 3-4). It explained that claim was properly analyzed under the standard in *Cuyler v. Sullivan*, 446 U.S. 334, 349-50 (1980), which does not require proof of *Strickland* prejudice if a post-conviction defendant can prove his trial counsel had an actual conflict (2255 Case, Doc. 17 at 4). It also argued Mr. Haslag's *pro se* motion pleaded enough facts under that standard to warrant an evidentiary hearing, as he alleged Mr. Smith was taking money and direction from Mr. Haslag's parents, whose interests were adverse to Mr. Haslag's (*Id.*). The reply also listed the specific federal- and state-level defendants about which Mr. Haslag told Mr. Smith he was prepared to proffer information (*Id.* at 8-9).

4

### E. District Court's decision

The same day Mr. Haslag filed his reply, the District Court entered an order denying his § 2255 motion without an evidentiary hearing (2255 Case, Doc. 18).

The court characterized Mr. Haslag's motion as presenting a "sole ground of relief:" Mr. Smith's ineffective assistance of counsel (*Id.* at 3). It found that "[a]t the crux of his motion, [Mr. Haslag] alleges attorney Smith was constitutionally ineffective in failing to communicate, take direction, and pursue cooperation prior to [Mr. Haslag] pleading guilty" (*Id.* at 4). The order then recited the standard two-element ineffective-assistance rubric from *Strickland v. Washington*, 446 U.S. 668 (1984), but made no mention of the *Cuyler* conflict-of-interest standard Mr. Haslag cited in his § 2255 reply (*Id.* at 5).

Applying *Strickland*, the District Court denied Mr. Haslag's claims, holding he failed "to show that any of [Mr. Smith's] decisions were not strategic, made without thorough investigation, or were otherwise unreasonable" (*Id.* at 5-6). It also held Mr. Haslag "fails to identify how any of these complaints impacted his case or sentence or how otherwise he suffered any prejudice" (*Id.* at 6). On the failure to timely proffer issue, the court concluded Mr. Haslag failed "to show or even allege that the nine month period he was represented by attorney Smith was the critical or necessary time to cooperate" and failed "to allege what information he could have said at the proffer meeting for

5

the Government to file a motion for a downward departure or that any delay in proffering said information was due to attorney Smith" (*Id.* at 6-7). The court also denied a certificate of appealability (*Id.* at 7).

Mr. Haslag timely filed a post-judgment motion asking the District Court to set aside its judgment and grant an evidentiary hearing on the conflict-of-interest and proffer issues, or to grant a certificate of appealability (2255 Case, Doc. 20). After the District Court denied that motion (2255 Case, Doc. 21), Mr. Haslag timely appealed to this Court (2255 Case, Doc. 22).

## Argument

### A. Summary

In his § 2255 motion, broadly construed as the law requires, Mr. Haslag pleaded two viable claims of ineffective assistance of counsel under different theories. First, he alleged Mr. Smith had an actual conflict of interest with an adverse effect on his representation. Second, he alleged Mr. Smith's unreasonable failure to timely initiate proffer discussions with the Government prejudiced his plea negotiations.

The District Court erroneously failed to consider Mr. Haslag's conflict-of-interest claim under the correct standard. It also erroneously dismissed the well-pleaded facts of his second claim as insufficient conclusory allegations, denying both without an evidentiary hearing.

Under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b)(2), this Court now should grant Mr. Haslag a certificate of appealability to

decide these two issues that reasonable jurists could agree the district court should have resolved differently and are adequate to deserve encouragement to proceed further:

- Whether the district court correctly applied the *Strickland* standard to Mr. Haslag's conflict-of-interest claim, rather than the *Cuyler* standard;
- Whether the district court correctly held the allegations in Mr. Haslag's failure-to-proffer claim were merely conclusory and therefore insufficient; and
- Whether, when counsel's deficient performance prevents a defendant from seeking a favorable plea offer with the Government, prejudice can be shown without first proving the Government actually made a plea offer.

**B. Standard of Review**

Final orders in § 2255 cases are subject to review on appeal by this Court. 28 U.S.C. § 2253(a). But "an appeal may not be taken to the court of appeals" unless "a circuit justice or judge issues a certificate of appealability …" § 2253(c)(1).

An applicant requesting a certificate of appealability must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). A substantial showing means "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

7

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted). A request for a certificate of appealability "does not require a showing that the appeal will succeed." *Id.* at 337.

A § 2255 petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012).

"This [C]ourt reviews Section 2255 ineffective assistance claims de novo, and the underlying factual findings for clear error." *Dat v. United States*, 920 F.3d 1192, 1193 (8th Cir. 2019). "A district court's denial of an evidentiary hearing on a 2255 motion may be reversed only for an abuse of discretion." *Id.* (quoting *Hyles v. United States*, 754 F.3d 530, 534 (8th Cir. 2014)).

This Court "must … accept[ all a petitioner's allegations] as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Id.* at 1194 (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

8

## C. The District Court failed to apply the correct standard of review to Mr. Haslag's conflict-of-interest claim and erroneously denied it without a hearing as a result.

"In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). The adverse effect must be "actual and demonstrable, causing the attorney to choose to engage or not to engage in particular conduct." *Noe v. United States*, 601 F.3d 784, 790 (8th Cir. 2010). Notably, a movant who can meet this "adverse effect" test "need not demonstrate prejudice in order to obtain relief." *Cuyler*, 446 U.S. at 349-50. Instead, proving counsel labored under an actual conflict of interest which had an adverse effect on his representation is sufficient to set aside a conviction. *Id.* at 350.

Mr. Haslag's *pro se* motion alleged facts supporting a viable claim of ineffective assistance of counsel under this standard. Taking all facts contained in the motion as true, it establishes Mr. Smith followed direction from Mr. Haslag's parents, who had interests directly adverse to Mr. Haslag's own wishes for the case (Doc. 1 at 12-13). And this adversely affected Mr. Haslag because it caused Mr. Smith to delay or altogether forego a timely proffer session with the Government when the information in Mr. Haslag's possession relevant to pending criminal prosecutions was most useful, or as Mr. Haslag put it, was not "stale" (2255 Case, Doc. 1 at 13).

9

The District Court should have granted a hearing on this issue. Under the *Cuyler* standard, the motion pleaded sufficient facts to warrant an evidentiary hearing on whether Mr. Smith had an actual conflict of interest. If he took payment and case instructions from Mr. Haslag's parents despite Mr. Haslag's clear instructions otherwise, and Mr. Haslag's parents truly did have an interest in their son *not* proffering against members of their community, that is a conflict of interest. And if Mr. Haslag can prove, as alleged, Mr. Smith failed to seek a proffer session on his client's behalf because of the parent's interests, Mr. Haslag will meet *Cuyler*'s actual conflict of interest standard because it clearly will have had an adverse effect on his representation of Mr. Haslag. *Cuyler*, 446 U.S. at 349-50.

Instead, the District Court did not adjudicate the conflict-of-interest issue under the *Cuyler* standard, instead applying the *Strickland* standard, and declined to issue a certificate of appealability (2255 Case, Doc. 18 at 7). But taking all his allegations as true, Mr. Haslag has made a substantial showing of the deprivation of his constitutional right to conflict-free counsel during an important period of his plea negotiations. This Court should grant a certificate of appealability on this issue and ultimately remand this case for an evidentiary hearing. *See Nelson v. United States*, 297 F. App'x 563, 565 (8th Cir. 2008) (remand ordered after granting certificate of appealability on claims denied without an evidentiary hearing).

10

## D. Mr. Haslag pleaded sufficient facts to warrant an evidentiary hearing on his claim that Mr. Smith failed to timely initiate proffer discussions with the Government.

The District Court's ruling on Mr. Haslag's untimely proffer claim faulted Mr. Haslag for failing to describe the specific information he was willing to proffer (2255 Case, Doc. 18 at 6-7). It also denied Mr. Haslag an evidentiary hearing because it concluded his well-pleaded fact that the information became stale due to Mr. Smith's delay was a "mere[] allegation[]" (*Id.* at 6). These holdings were error. They ignore the specific facts included in Mr. Haslag's reply and incorrectly dismiss a material well-pleaded fact as an insufficient conclusion.

Mr. Haslag's reply detailed the numerous federal- and-state level defendants he told Mr. Smith on which he was prepared to proffer information (2255 Case, Doc. 17 at 8-9). And as Mr. Haslag explained in his *pro se* motion, prosecutors had expressed interest in the information – the very reason Mr. Haslag urged Mr. Smith to schedule the proffer session as soon as possible (2255 Case, Doc. 1 at 14-15).

The District Court made no mention these facts. Taking them as true, there was genuine prosecution interest in his stale testimony, and so there is at least "a reasonable probability … he would have received a plea offer." *Byrd v. Skipper*, 940 F.3d 248, 257 (6th Cir. 2019) (holding counsel constitutionally ineffective for failing to engage in plea negotiations despite prosecution interest). Mr. Haslag deserves the opportunity to prove these allegations at an evidentiary hearing.

11

The District Court's order makes a similar mistake in treating Mr. Haslag's allegation that the proffer information became stale during Mr. Smith's term of representation, dismissing it as a legally insufficient conclusion (2255 Case, Doc. 18 at 6). But whether Mr. Haslag's information became stale during Mr. Smith's time representing him is a question of fact crucial to the ineffective-assistance analysis. If Mr. Haslag can prove the information truly became stale during the period, it is much more likely that Mr. Smith's failure to schedule the proffer was prejudicial to the plea negotiations within *Strickland*'s meaning.

So, taking as true Mr. Haslag's allegations that he asked Mr. Smith to schedule a proffer session, that prosecutors were interested in the proffer, and that the information became stale when Mr. Smith failed to negotiate with the Government, Mr. Haslag will have proven his ineffective assistance of counsel claim, as in *Byrd*. Mr. Haslag's allegations are more than the mere conclusions the district court held: taken as true, they are sufficient to make a substantial showing of that claim. This Court should grant Mr. Haslag a certificate of appealability and ultimately remand this case for an evidentiary hearing.

This Court also should grant the certificate to consider an important question of post-conviction constitutional law. The Fourth, Sixth, and Seventh Circuits each have held that when counsel's deficient performance prevents a defendant from seeking a favorable

12

plea offer with the Government, prejudice can be shown without first proving the Government actually made a plea offer. *See United States v. Pender*, 514 F. App'x 359, 360-61 (4th Cir. 2013) (per curiam); *Byrd*, 940 F.3d at 255-56; *Delatorre v. United States*, 847 F.3d 837, 846 (7th Cir. 2017). This Court has not yet decided this issue.

As these other circuits' decisions show, "reasonable jurists" could find the merits of Mr. Haslag's petition at least "debatable," if not outright wrong. *Miller-El*, 537 U.S. at 338. Like the petitioners in those cases, Mr. Haslag pleaded facts showing his attorney failed to engage in important plea negotiations despite government interest and Mr. Haslag's own requests. This is a "substantial showing" that Mr. Haslag's constitutional right to effective representation was violated. § 2254(c)(2). This Court should grant Mr. Haslag a certificate of appealability and ultimately remand this case for an evidentiary hearing on his claim that Mr. Smith render ineffective assistance in failing to bring his proffer timely to the Government.

## Conclusion

Mr. Haslag's petition and reply contained sufficient facts giving rise to denials of his right to the effective assistance of counsel due to Mr. Smith's conflict of interest and failure to engage in time-sensitive proffer discussions with the Government. The District Court erred in holding otherwise.

This Court should grant a certificate of appealability on the three questions detailed above, and ultimately reverse the judgment below and remand this case for an evidentiary hearing.

Respectfully submitted,

*Jonathan Sternberg, Attorney, P.C.*

by /s/Jonathan Sternberg
Jonathan Sternberg, Mo. #59533
Brody Sabor, Mo. #73421
2323 Grand Boulevard #1100
Kansas City, Missouri 64108
Telephone: (816) 292-7020
Facsimile: (816) 292-7050
jonathan@sternberg-law.com
brody@sternberg-law.com

COUNSEL FOR APPELLANT
LEIF C. HASLAG

<u>Certificate of Service</u>

  I certify that on August 11, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<u>/s/Jonathan Sternberg</u>
Attorney

<u>Certificate of Compliance</u>

  I certify under Fed. R. App. P. 32(g)(1) that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,975 words, excluding the caption, signature block, and certificate of service.

  I further certify that this motion complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6), because I prepared it in a proportionally spaced typeface, Century Schoolbook size-14 font, using Microsoft Word for Office 365.

  I further certify that the electronic copy of this motion filed via the Court's CM/ECF system is an exact, searchable PDF copy thereof, that it was scanned for viruses using Microsoft Windows Defender, and that according to that program, it is free of viruses.

<u>s/Jonathan Sternberg</u>
Attorney

15

Appellate Case: 23-2803  Page: 15  Date Filed: 08/11/2023 Entry ID: 5305180